IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| P.M. b/n/f ROBERT & LANETTA M., | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § CIVIL ACTION NO. 4:19-CV-745-KPJ |
| WYLIE INDEPENDENT SCHOOL DISTRICT and MICHELLE SCHLARMAN, | § § § |
| | § |
| Defendants. | § § |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Wylie Independent School District's Motion for Partial Dismissal of Plaintiff's Original Complaint (the "Motion") (Dkt. 6). Plaintiff P.M., b/n/f Robert and Lanetta M., filed a response (the "Response") (Dkt. 16), and Defendant filed a reply (the "Reply") (Dkt. 20).

Upon review, the Motion is **DENIED**.

I.   **BACKGROUND**[1]

P.M.[2] is a five-year-old student who lives in the Wylie Independent School District (the "District"). *See* Dkt. 1 at 2. P.M. has been diagnosed with autism and identified as a student with a speech/language impairment. *See id*. In the fall of 2018, P.M.'s mother sent a letter to the District requesting that P.M. be transferred from Defendant Michelle Schlarman's ("Schlarman")

---

[1] The following allegations are as set forth by Plaintiff in the Complaint (Dkt. 1) solely for the purpose of the Motion without determining they are true and accurate. For the purposes of the Motion, Defendant Wylie Independent School District does not contest the factual allegations.

[2] In filings, Plaintiff appears to refer to the student as "P.M," "Prince M.," and "Johnathan." Though the student is the plaintiff in this matter, for clarity, as P.M.'s claims are brought by next friends, the Court will refer to the student as "P.M.," but the filer of the Complaint (Dkt. 1) and the Response (Dkt. 16) as "Plaintiff."

classroom. *See id.* at 3. P.M.'s mother also had a conversation with the school's principal, Shawnell Bradshaw ("Bradshaw"), wherein she discussed P.M.'s regression and escalation and requested P.M. be transferred. *See id.*

Plaintiff alleges Bradshaw called P.M.'s mother two weeks after their initial discussion and told her that P.M. did not need to be removed from Schlarman's classroom. *See id.* at 3. The District did not transfer P.M. *See* Dkt. 1 at 3. Plaintiff alleges Behavior Specialist Stacey Callaway ("Callaway") told her Schlarman was "inadequately trained and equipped to interact with and accommodate [P.M.]" *Id.* at 4. P.M.'s mother then requested to observe P.M.'s classroom, and on September 23, 2018, observed P.M. crying in the classroom, but was assured by Callaway that Callaway would meet with Schlarman for training. *See* Dkt. 1 at 4.

Plaintiff alleges the District's documentation demonstrates that Schlarman was "insufficiently trained, unable to keep control of her classroom, and was deliberately indifferent to proper procedure." Dkt. 1 at 3. On September 14, 2018, the District sent Schlarman a letter reprimanding her for "poor professional communication with parents regarding student's behaviors and medical concerns." *See id.* at 4. The letter set out required meetings with the school administration, meetings with Callaway, and training regarding working with students with autism. *See id.* at 5. Plaintiff alleges the trainings were not completed. *See id.* Plaintiff also alleges that throughout the relevant timeframe, the District was aware of Schlarman's ineffectiveness in addressing the needs of P.M., but failed to properly train Schlarman, require proper documentation, notify a parent of P.M., or take action to accommodate P.M.'s disabilities. *See id.*

On September 19, 2018, P.M. ran away from the playground; P.M.'s parents were not notified, and no action was taken to address P.M.'s safety or accommodate his disability. *See id.* at 6. On September 20, 2018, an Admission, Review, and Dismissal ("ADR") meeting took place,

and the committee determined that additional staff training was not required to implement P.M.'s Individualized Education Program ("IEP"). *See id.*

On October 11, 2018, P.M. was playing on the school playground and was asked to come inside; however, he did not immediately comply. Plaintiff alleges as follows:

> Schlarman, student's special education teacher, pulled Student off of the play structure by his feet. Schlarman then drug student by his feet for approximately 10 yards. Schalrman then picked the student off of the ground and roughly threw him back down on his back. After a short period of time, Schlarman attempted to pick the boy up, but he was then roughly thrown back on the ground again. After another short intervening period, Schlarman again picked the boy up, drug him a short distance and violently slammed him on the ground, causing him to strike his head. Schlarman continued to pick Student up with a jerking motion, drag him and drop him back to the ground. Several aides, including Tracy Boyce, Susan Rose, Cameron Gray, Jolinda Enslin, and Leanna Schmidt were in the immediate area, but none of them took any action to stop Schlarman. The District has acknowledged in communications with the parent, that none of the aides intervened.

Dkt. 1 at 7.

P.M. was ultimately diagnosed with a concussion, a three to four-inch abrasion, and was observed to have "diminished activity, increased sleep patterns, remained quiet, experienced headaches, back pain and leg pain." *Id.* at 8. P.M. refused to go to school, cried, and exhibited distress on school premises, and was ultimately placed in counseling. *See id*. Plaintiff alleges the concussion was reported to school principal Bradshaw on October 16, 2018; however, the District failed to report or timely report the action by Schlarman to the State Board for Educator Certification, as required by Texas Education Code Sec. 21.006(b)–(c). *See id*. Plaintiff alleges he has exhausted all remedies. *See id.* at 8–9.

Plaintiff filed suit on October 10, 2019, asserting claims under Section 1983, Section 504 of the Rehabilitation Act of 1973, and the Americans with Disabilities Act of 2008, and Assault and Battery. *See generally* Dkt. 1.

The District filed the present Motion seeking dismissal only of Plaintiff's claims for municipal liability, arguing it cannot be held responsible for the alleged violation of P.M.'s rights. *See* Dkt. 6 at 1.

## II. LEGAL STANDARD

A party may seek dismissal in a pretrial motion based on any of the defenses set out in Rule 12(b) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 12(b); *see also Albany Ins. Co. v. Almacenadora Somex*, 5 F.3d 907, 909 (5th Cir. 1993). Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). The court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id.* at 563 n.8. However, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

When considering a motion to dismiss, the court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

### III.    ANALYSIS

The District argues Plaintiff fails to set out allegations identifying the existence of any policy or custom adopted with indifference by the District's Board of Trustees that was the moving force behind the alleged violation of Plaintiff's constitutional rights. *See* Dkt. 6 at 9. The District further argues Plaintiff fails to plead facts suggesting a pattern of similar constitutional violations by untrained employees or knowledge on behalf of the District's Board of Trustees. *See* Dkt. 6 at 10. The District argues that, absent such allegations, the District is entitled to dismissal as a matter of law on Plaintiff's Section 1983 claim. *See id.* at 11. The District does not seek dismissal of Plaintiff's claims pursuant to Section 504 of the Rehabilitation Act and the Americans With Disabilities Act and Plaintiff's claims for Assault and Battery. *See* Dkt. 1 at 10–12.

Plaintiff argues it sufficiently alleged failure to train and supervise Schlarman and other staff. *See* Dkt. 16 at 2. Plaintiff cites allegations regarding incomplete and inadequate training for Schlarman. *See id.* at 3–4. Plaintiff argues that, as alleged, there was a "clear nexus between the District's deliberately indifferent failures to train and supervise and the injury suffered by [P.M.]." Dkt. 16 at 5. Plaintiff further argues the District's Board of Trustees had constructive notice that there was a failure to train and supervise Schlarman. *See* Dkt. 16 at 5. Plaintiff argues that with the alleged information at the Board of Trustees' disposal, failure to address the situation "constructively constitutes a deliberate choice to disregard constitutional violations." Dkt. 16 at 5. Plaintiff did not respond to the District's assertion that it failed to plead an official policy or custom adopted by the Board of Trustees. *See generally* Dkt. 16. Plaintiff also contends that if any part of the Complaint should be dismissed as it stands, Plaintiff should be afforded the opportunity to replead its claim. *See* Dkt. 16 at 6.

Municipalities (such as school districts) may not be held liable for constitutional violations solely based on the actions of their employees. *Collins v. City of Harker Heights*, 503 U.S. 115, 121 (1992) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). As the Supreme Court explained:

> [In *Monell*], the Court held that Congress intended municipalities and other local government entities to be included among those persons to whom § 1983 applies. At the same time, the Court made it clear that municipalities may not be held liable "unless action pursuant to official municipal policy of some nature caused a constitutional tort." The Court emphasized that a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.

*Id.* (internal citations and quotations omitted).

In order for a governmental entity to be liable under Section 1983, the plaintiff must establish: "1) a policymaker; 2) an official policy; 3) and a violation of constitutional rights whose 'moving force' is the policy or custom." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). The policymaker must be one with the authority to make final decisions regarding policy for the governmental entity. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). In Texas, the only policymaker for a school district is the Board of Trustees. TEX. EDUC. CODE § 11.151(b); *Rivera*, 349 F.3d at 247. "'Policy' consists of a 'policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *Gonzalez v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 753 (5th Cir. 1993) (quoting *Monell*, 436 U.S. at 690). To properly assert a claim of municipal liability for failure to train, Fifth Circuit law requires that a plaintiff plead facts demonstrating "[a] pattern of similar constitutional violations by untrained employees." *Yara v. Perryton Indep. Sch. Dist.*, 560 Fed. App'x 356, 360 (5th Cir. 2014) (per curiam). Further, the alleged pattern "must be 'fairly similar to what ultimately transpired.'" *Sanders–Burns v. City of*

*Plano*, 594 F.3d 366, 381 (5th Cir. 2010) (quoting *Davis v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005)).

Plaintiff's Complaint does not include any allegations of other employees exhibiting conduct similar to Schlarman's alleged conduct at issue. *See generally* Dkt. 1. Plaintiff's Complaint is further deficient, as it does not allege an official policy or custom that was the moving force behind the violation of P.M.'s constitutional rights. *See id*. Finally, the Complaint does not include allegations pertaining to the Board of Trustees' knowledge; rather, it contains only broad assertions regarding the District's general knowledge. *See* Dkt. 1. Plaintiff merely contends, in the Response, that the relevant information was at the Board of Trustees' disposal. *See* Dkt. 16 at 5.

Plaintiff acknowledges a plaintiff must do more than plead the elements. Case law requires that "only minimal factual allegations should be required at the motion to dismiss stage." *Benjamin v. Baytown Police Dep't*, No. 4:17-CV-01198, 2018 WL 1033255, at *2 (S.D. Tex. Feb. 21, 2018) (citing *Thomas v. City of Galveston*, 800 F.Supp.2d 826, 843 (S.D. Tex. 2011)). The Fifth Circuit has held that "[d]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Here, it is not clear the defects in Plaintiff's Complaint are incurable. The District, in fact, identifies specific shortcomings that, in its view, are required to cure Plaintiff's pleading deficiencies. *See* Dkt. 20 at 1. The District does not address Plaintiff's request to amend. *See* Dkts. 6, 20. Notably, Plaintiff has not previously requested to amend the Complaint and has not demonstrated a lack of diligence or unwillingness to amend. While Plaintiff's Complaint is lacking

allegations necessary to assert a Section 1983 Claim, Plaintiff should be given an opportunity to cure the deficiencies in the Complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the Motion (Dkt. 6) is **DENIED**.

It is further **ORDERED** that Plaintiff shall file a First Amended Complaint on or before fourteen (14) days from the issuance of this Memorandum Opinion and Order.

**So ORDERED and SIGNED this 1st day of October, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE